H. Matthew Munson
Idaho State Bar #10284
Betts Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle WA 98101-3927
Telephone:     (206) 292-9988
Facsimile:     (206) 343-7053
Email:          mmunson@bpmlaw.com
Attorneys for Plaintiff Viking
Insurance Company of Wisconsin

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VIKING INSURANCE COMPANY OF WISCONSIN, a Wisconsin corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation; ELISABETH MORISSIN, a resident of Oregon; JLC 5, LLC, an Idaho limited liability company d/b/a IDAHO PIZZA COMPANY; and JASON SIMMONS, a resident of Idaho.<br><br>                    Defendants. | Case No.: _____<br><br>COMPLAINT FOR DECLARATORY JUDGMENT AND EQUITABLE CONTRIBUTION |

PLAINTIFF Viking Insurance Company of Wisconsin, by and through its attorneys, brings its complaint as follows:

COMPLAINT - 1

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927

# I.  PARTIES

1.1   **Viking**. Viking Insurance Company of Wisconsin ("Viking") is a Wisconsin corporation with its principal place of business in Stevens Point, Wisconsin.

1.2   **Nationwide**. Nationwide Mutual Insurance Company ("Nationwide") is an Ohio corporation with its principal place of business in Columbus, Ohio.

1.3   **Elisabeth Morissin**. Elisabeth Morissin is a resident of Oregon.

1.4   **JLC 5**. JLC 5, LLC ("JLC 5"), which does business as Idaho Pizza Company, is an Idaho limited liability company with its principal place of business in Meridian, Idaho. The managers of JLC 5 are natural persons who are residents of Idaho. The only member of JLC 5 is JLC Operations, Inc., which is an Idaho corporation with its principal place of business in Meridian, Idaho.

1.5   **Jason Simmons**. Jason Simmons is a resident of Idaho.

# II.  JURISDICTION AND VENUE

2.1   **Jurisdiction**. Diversity jurisdiction is proper in this Court under 28 U.S.C. § 1332. The parties are citizens of different states and the amount in controversy exceeds, exclusive of interest and costs, $75,000.

2.2   **Venue**. Venue is proper in this district because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, as provided under 28 U.S.C. § 1391(b)(2).

# III.  FACTS

3.1   **Viking Policy**. Viking issued insurance policy no. 374603520 to its insured Elisabeth Morissin for the period February 16, 2015, to August 16, 2015 ("Viking Policy"). The declarations page of the Viking Policy states that the bodily-injury liability limits of the Viking Policy are $50,000 per person and $100,000 per accident, and that the property-damage liability limit of the Viking Policy is $50,000.

COMPLAINT - 2

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927

1365928.docx/021919 1537

3.2     **Business-Use Exclusions**. The Exclusions section of the Viking Policy reads in part:

This coverage and our duty to defend does not apply to:

(1) **Bodily injury** or **property damage** resulting from the ownership, maintenance or use of any vehicle when used to carry persons or property for compensation or a fee, including, but not limited to, delivery of newspapers, magazines, food, or any other products. This exclusion does not apply to shared-expense **car** pools.

. . .

(5) **Bodily injury** or **property damage** resulting from:

(A) **Auto business** operations. This exclusion does not apply to **you**, or anyone associated as an agent for, or employed by you, with respect to the operation of **your insured car**.

(B) The ownership, maintenance or use of any vehicle, including **your insured car**, in the course of any business other than an **auto business**, farming or ranching, unless the business use is disclosed to and accepted by **us**.

Ms. Morissin did not disclose to Viking her business use of any vehicle, nor did Viking accept any business use of a vehicle by Ms. Morissin.

3.3     "**Other insurance**" **provision of Viking Policy**. The "other insurance" provision of the Viking policy reads in part:

If there is other applicable coverage on a loss covered by this Part, **we** will pay only **our** share of the damages. **Our** share is the proportion that the limits of liability bear to the total of all applicable limits. For coverage afforded under this Part for a **car** or **utility** trailer **you** do not own, this coverage is excess over any other applicable insurance.

3.4     **Nationwide Policy**. Nationwide issued business auto policy no. ACP BA 7525989100 to JLC Corp dba Idaho Pizza Company for the period February 25, 2015 to

COMPLAINT - 3

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927

February 25, 2016 ("Nationwide Policy"). The named insureds under the Nationwide Policy include JLC 5 LLC. The liability limit of the Nationwide policy is $1,000,000.

3.5    **"Other insurance" provision of Nationwide Policy**. The "other insurance" provision of the Nationwide policy reads in part:

5.    Other Insurance

a.    For any covered "auto" you own, this coverage form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this coverage form is excess over any other collectible insurance.

. . .

d.    When this coverage form and any other coverage form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our coverage form bears to the total of the limits of all the coverage forms and policies covering on the same basis.

3.6    **The Accident**. On information and belief, Elisabeth Morissin and Jason Simmons were involved in an automobile accident in Fruitland, Idaho, on July 31, 2015. On information and belief, a motor vehicle driven by Ms. Morissin collided with a motor vehicle driven by Mr. Simmons. On information and belief, Ms. Morissin was acting in the course and scope of her employment with JLC 5, which was doing business as Idaho Pizza Company, as a pizza delivery driver when the automobile accident occurred.

3.7    **The Underlying Lawsuit**. On or around July 28, 2017, Mr. Simmons filed a complaint in the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, under case no. CV01-17-13907 against Ms. Morissin, JLC 5, and John Does 1–5, which are identified in Mr. Simmons's complaint as MCQ, LLC; JLC 4, LLC; JLC Corporation; an individual residing in Owyhee County, Idaho, who may be Echo Hall; and an Idaho corporation with its principal place of business in Owyhee County, Idaho, which may be

COMPLAINT - 4

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927

1365928.docx/021919 1537

Grazing H, LLC ("Underlying Lawsuit"). That complaint alleges that Ms. Morissin is liable in negligence to Mr. Simmons for damages caused by the accident. That complaint further alleges that JLC 5, LLC or John Does 1–5 are vicariously liable for Ms. Morissin's actions. Viking is defending Ms. Morissin and JLC 5 in the Underlying Lawsuit under separate reservations of rights. Nationwide has refused to contribute to the defense of JLC 5 in the Underlying Lawsuit. In the complaint in the Underlying Lawsuit, Mr. Simmons prays for relief in the amount of $300,982.94, not including costs and disbursements incurred in prosecution of his claims.

       3.8    **Viking's Contentions**. Viking contends that it has no duty to defend or indemnify Ms. Morissin or JLC 5. Exclusions (1) and (5) to the Viking Policy bar coverage for the claims in the Underlying Lawsuit because, on information and belief, Ms. Morissin was acting in the course and scope of her employment as a pizza-delivery driver for JLC 5 when the accident occurred. In the alternative, Viking's duty to indemnify Ms. Morissin or JLC 5 in the Underlying Lawsuit is limited to the coverage mandated by the Oregon Financial Responsibility Law, ORS 806.010 to 806.300. Viking further contends that Nationwide has a duty to defend JLC 5, that the Nationwide Policy is not excess to the Viking Policy, and that Nationwide is required to pay all or a portion of JLC 5's defense and indemnity in proportion to the applicable limits of liability of the Nationwide Policy and the Viking Policy.

## IV.   FIRST CAUSE OF ACTION
### (Declaratory Judgment)

       4.1    **Incorporation**. The allegations above are incorporated herein as if fully restated.

       4.2    **Controversy**. A justiciable controversy exists over the rights of the parties under the Viking Policy with respect to coverage for the claims in the Underlying Lawsuit.

       4.3    **Declaratory relief**. Viking is entitled to declaratory judgment as against the defendants that it does not have a duty to defend or indemnify Ms. Morissin or JLC 5 against

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927

1365928.docx/021919 1537

the claims in the Underlying Lawsuit under the Viking Policy. In the alternative, Viking's duty under the Viking Policy to indemnify Ms. Morissin or JLC 5 against the claims in the Underlying Lawsuit is limited to the amount of coverage mandated by the Oregon Financial Responsibility Law.

4.4 **Basis for declaratory relief**. Viking is entitled to declaratory judgment as against the defendants that it does not have a duty to defend or indemnify Ms. Morissin or JLC 5, or that Viking's duty to indemnify is limited, because exclusions (1) and (5) to the Viking Policy apply to the claims in the Underlying Lawsuit. Other reasons may exist for the lack of coverage, as may be revealed by further investigation and analysis.

## V.   SECOND CAUSE OF ACTION
### (Declaratory Judgment)

5.1 **Incorporation**. The allegations above are incorporated herein as if fully restated.

5.2 **Controversy**. A justiciable controversy exists over the rights of the parties under the Viking Policy and the Nationwide Policy with respect to coverage for the claims in the Underlying Lawsuit.

5.3 **Declaratory relief**. Viking is entitled to declaratory judgment that Nationwide had and has a duty to defend JLC 5 against the claims in the Underlying Lawsuit under the Nationwide Policy. Viking is also entitled to declaratory judgment that Nationwide has a duty to pay an equitable share of the defense costs of JLC 5 in the Underlying Lawsuit. Viking is further entitled to declaratory judgment that Nationwide has a duty to pay an equitable share of any indemnity payments that have been made or will be made on behalf of JLC 5 to settle any of the claims or pay any judgment in the Underlying Lawsuit, and that Viking's indemnity obligation with respect to any claims in the Underlying Lawsuit, if any, shall not exceed the amount of coverage mandated by the Oregon Financial Responsibility Law.

COMPLAINT - 6

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927

5.4     **Basis for declaratory relief**. Viking is entitled to declaratory judgment set forth in paragraph 5.3 above because the "other insurance" provisions in the Viking Policy and the Nationwide Policy are mutually repugnant and ineffective under *Sloviaczek v. Estate of Puckett*, 98 Idaho 371, 565 P.2d 564 (1977), and related case law.

## VI.     THIRD CAUSE OF ACTION
### (Equitable Contribution)

6.1     **Incorporation**. The allegations above are incorporated herein as if fully restated.

6.2     **Defense**. Nationwide has wrongfully refused to defend JLC 5 in the Underlying Lawsuit. Viking has defended and is defending JLC 5 in the Underlying Lawsuit.

6.3     **Equitable contribution toward defense**. Viking is entitled to equitable contribution from Nationwide for Nationwide's equitable share of the past, present, and future cost of defending JLC 5 in the Underlying Lawsuit.

6.4     **Equitable contribution toward indemnity**. Viking is further entitled to equitable contribution from Nationwide for Nationwide's equitable share of any indemnity payments that have been made or will be made on behalf of JLC 5 to settle any of the claims or pay any judgment in the Underlying Lawsuit. In no event shall Viking's duty to indemnify Ms. Morissin and/or JLC 5, if any, exceed the amount of coverage mandated by the Oregon Financial Responsibility Law.

## VII.     PRAYER FOR RELIEF

WHEREFORE, plaintiff Viking prays for judgment against the defendants as follows:

1.      That the Court declare that Viking has no duty to defend or indemnify Ms. Morissin or JLC 5 or, in the alternative, that Viking's duty to indemnify is limited to the amount mandated by the Oregon Financial Responsibility Law;

COMPLAINT - 7

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927

2.    That the Court declare that Nationwide had and has a duty to defend JLC 5 against the claims in the Underlying Lawsuit under the Nationwide Policy;

3.    That the Court declare that Nationwide has a duty to pay Viking an equitable share of the defense costs of JLC 5 in the Underlying Lawsuit.

4.    That the Court grant Viking equitable contribution from Nationwide for Nationwide's share of the defense costs of JLC 5, in an amount to be determined; and

5.    That the Court declare that Nationwide has a duty to pay an equitable share of any indemnity payments that have been made or will be made on behalf of JLC 5 to settle any of the claims or pay any judgment in the Underlying Lawsuit, and that Viking's duty to indemnify, if any, shall not exceed the amount of coverage mandated by the Oregon Financial Responsibility Law; and

6.    For such other and further relief that the Court deems just and equitable.

DATED this 19th day of February, 2019.


BETTS, PATTERSON & MINES, P.S.


By: s/ H. Matthew Munson
       H. Matthew Munson, Idaho State Bar #10284
One Convention Place, Suite 1400
701 Pike Street
Seattle WA 98101-3927
Telephone:    (206) 292-9988
Facsimile:    (206) 343-7053
E-mail:       mmunson@bpmlaw.com

Attorneys for Plaintiff Viking Insurance Company of Wisconsin

COMPLAINT - 8

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927

1365928.docx/021919 1537

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## CERTIFICATE OF SERVICE

I, H. Matthew Munson, hereby certify that on February 19, 2019, I electronically filed the following:

- Complaint for Declaratory Judgment and Equitable Contribution; and

- Certificate of Service.

with the Court using the CM/ECF system which will send notification of such filing to the following:

DATED this 19th day of February 2019.

BETTS, PATTERSON & MINES, P.S.


By: s/ H. Matthew Munson
    H. Matthew Munson, WSBA # 32019
One Convention Place, Suite 1400
701 Pike Street
Seattle WA 98101-3927
Telephone:   (206) 292-9988
Facsimile:   (206) 343-7053
E-mail:   mmunson@bpmlaw.com

Attorneys for Plaintiff Viking Insurance Company of Wisconsin

COMPLAINT - 9

Betts
Patterson
Mines
One Convention Place
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927

1365928.docx/021919 1537